UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIZI CUI,<br>SHOUMEI KAN,<br>FENGZHE JIN,<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>      Defendant. | COMPLAINT<br><br>Civil Action No. 19-2904 |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for injunctive and other appropriate relief and seeking disclosure and release of agency records improperly withheld from Plaintiff by Defendant, the Federal Bureau of Investigation ("FBI").

**JURIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3. Plaintiff Jizi Cui ("Cui"), Shoumei Kan ("Kan") and Fengzhe Jin ("Jin"); collectively as ("Plaintiffs") are residents of Queens County, New York.

1

4. Defendant Federal Bureau of Investigation ("FBI") is an agency of the Executive Branch of the United States Government and has procession of the documents which Plaintiff seeks production.

**CAUSE OF ACTION**

5. Plaintiffs made numerous FOIA requests between October 2012 and July 2016 to obtain records pertaining their participation in the investigation and prosecution of human trafficking. The Federal Bureau of Investigation denied all FOIA requests and no records of any form were released. An appeal of these denials was filed and denied with no information provided. A request was sent to the Office of Governmental Information Services ("OGIS") inquiring about the denied FOIA requests and appeal. OGIS responded on December 22, 2017 via email that the FBI "did not locate responsive main file records".

6. Cui requested a copy of her records on October 22, 2012. On December 13, 2012 the FBI acknowledged the FOIA request and assigned it Request No. 12014619-000. On December 19, 2012 the FBI responded neither confirming nor denying the existence of the subject of their investigation on any watch lists. Cui then obtained the assistance of Congresswoman Grace Meng who contacted the FBI on Cui's behalf. The FBI confirmed that Cui voluntarily appeared before them and provided a statement in 2010, as part of a human trafficking investigation. The FBI did not, however, provide any documentation. Cui made another FOIA request on June 27, 2016. The FBI acknowledged the request (Request No.1354325-000) on July 19, 2016 and responded on August 5, 2016 that the material requested "...is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. 552 (b)(7)(A)." At this point Cui was eligible to file an appeal to

The United States Department of Justice, Director, Office of Information Policy ("OIP") (Appeal No. DOJ-AP-2017-000344). She did so on October 17, 2016. OIP affirmed FBI's decision to withhold Cui's records. Cui then turned to OGIS on January 11, 2017 to resolve the issue without litigation (Case No. 201701199). OGIS concluded that the FBI searched its Central Records System ("CRS") but did not locate responsive main file records.

7.  Kan made a similar FOIA request and also received assistance from Congresswoman Meng. She made a second FOIA request on June 28, 2016 (Request No. 1354162-000) which was unsuccessful. She filed an appeal on October 17, 2016 (Appeal No. DOJ-AP-2017-000346), receiving a reply on November 15, 2016 that no responsive records were found. Kan sought assistance from OGIS on January 11, 2017 (Case No.20170199) which was also fruitless.

8.  Jin also made similar FOIA requests and received assistance from Congresswoman Meng as well. His first request on October 26, 2012 (Request No. 1204646-000) was unsuccessful. Congresswoman Meng assisted with similar results to the above. A second unsuccessful request was made on June 29, 2016 (Request No. 1354152-000). An unsuccessful appeal was filed on October 17, 2016 (Appeal No. DOJ AP-2017-000348) and a request for assistance from OGIS (Request No. 1204646-000) was also fruitless.

9.  All three Plaintiffs have exhausted all other options and therefore file this lawsuit pursuant to 5 U.S.C. § 552(a)(4)(B) which provides that this court has jurisdiction and "may examine contents of agency records *in camera* to determine whether such records or any parts thereof shall be withheld under any of the exemptions set forth in subsection

(b) of this section and the burden is on the agency to sustain its action." The United States District Court for the Eastern District of New York can enjoin the FBI from withholding agency records and order the production of any records withheld from the Plaintiffs. Plaintiffs qualify to request assistance from the Court since all possible remedies have been exhausted.

10. FOIA permits the government to withhold "records or information compiled for law enforcement purposes." 5 U.S.C. § 552 (b)(7). The FBI must demonstrate how the release of requested records would risk disclosure of sensitive techniques and procedures of law enforcement. *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009).

## REQUESTED RELIEF

11. Plaintiffs are entitled, pursuant to 5 U.S.C. 552(a)(4)(B) to have the contents of the requested agency records examined in camera and request this court to order the FBI to prepare within 15 days an itemization of the records withheld, a detailed justification for its claims of exemption, and a Vaughn index cross-referencing the itemization and justification. Vaughn v. Rosen, 848 F.2d 820 (D.C. Cir.1973).

12. Plaintiffs further request this Court to enjoin the FBI's dilatory and improper withholding of properly requested documents and to order the FBI to immediately produce the documents which the Court finds to not be exempt by reason of national security.

13. Plaintiffs pray that this Court:

    a) Grant the relief sought in the above paragraphs;

    b) Award Plaintiffs costs, disbursements and attorneys' fees in this action provided by 5 U.S.C. § 552 (a)(4)(E);

    c) Grant any other and further relief as the Court may deem just and proper; and

    d) Provide for the expedition of this complaint as provided by 5 U.S.C. § 552 (a)(4)(C).

DATED this 16th day of May 2019.

    Respectfully submitted,

By: **/s/DANIEL W. WORONTZOFF**
Daniel W. Worontzoff, Esq.
*Attorney for Plaintiff*
The Worontzoff Law Office, PLLC
Attorneys & Counselors at Law
41-31 Main Street, Suite 101
Flushing, New York 11355
Tel: (718) 539-8881
Fax: (718) 539-8883
Email: WorontzoffLawOffice@Gmail.com

5